Affirmed and Memorandum Opinion filed March 24, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00945-CR

___________________

 

Christopher Keith Jackson, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 351st District Court

Harris County,
Texas



Trial Court Cause No. 1173172

 



 

 

MEMORANDUM OPINION

Appellant Christopher
Keith Jackson was convicted of first degree murder. Punishment was assessed at
fifty years’ imprisonment. In his sole issue on appeal, he contends the
evidence is factually insufficient to support his conviction. We affirm.

The complainant, Carlos
Nash, was shot sometime after 11:00 a.m. on June 28, 2008. Earlier that
morning, Carlos called his older brother, Eric Nash, alleging that appellant
and his uncle attempted to run him over in their car. Eric knew of “a beef”
between appellant and his brother, but he said that he did not want to get
involved in their dispute.

Later that day, Carlos
and Eric drove to the Trinity Gardens subdivision on their way to work. Carlos
stopped at a house on Lumber Lane to sell some drugs. Waiting in a car were
Remone Jackson and two other friends of the Nash brothers. When Carlos finished
his transaction, he and Eric returned to their vehicle, where they saw
appellant appear from behind a tree with his hand behind his back. Carlos
lifted his fists into a boxing stance, and Eric promptly restrained him, not
wanting a fight to escalate. As they walked away, Eric testified that appellant
raised his arm and then shot Carlos in the back. Carlos later died from his
injuries.

            Remone
Jackson witnessed the confrontation. He initially told police that he did not
know the shooter’s identity, but he later testified that appellant was in fact
the person who shot Carlos. Both Remone and Eric identified appellant in a
six-person photo array. Eric specifically testified that he was “100 percent
sure” that appellant was the shooter.

No physical evidence corroborating
appellant’s involvement in the murder was ever collected from the scene.
Appellant called three witnesses—his uncle, cousin, and girlfriend—who each testified
that he was in another part of the city around the time of the offense.

In his sole issue,
appellant contends the evidence is factually insufficient to support his
conviction because (1) the State could not produce any physical evidence
connecting him to the murder; (2) the witness testimony against him was
not credible; and (3) to the extent that the witness testimony was
credible, it was outweighed by the preponderance of conflicting evidence
supplied by his three alibi witnesses.

            During
the pendency of this appeal, the Texas Court of Criminal Appeals decided that
only one standard should be used to evaluate the sufficiency of the evidence in
a criminal case: legal sufficiency. Brooks v. State, 323 S.W.3d 893, 895
(Tex. Crim. App. 2010) (plurality opinion). Accordingly, we review appellant’s
argument under the standard announced in Jackson v. Virginia, 433 U.S.
307 (1979), asking only whether the evidence against him was legally sufficient
to sustain a verdict beyond a reasonable doubt. See Pomier v. State, 326
S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

When reviewing the legal
sufficiency of the evidence, we examine all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson,
433 U.S. at 319. Although we consider everything presented at trial, we do not
reevaluate the weight and credibility of the evidence and substitute our
judgment for that of the fact finder. Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the
credibility of witnesses and of the weight given to their testimony, any
conflicts or inconsistencies in the evidence are resolved in favor of the verdict.
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review
includes both properly and improperly admitted evidence. Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and
circumstantial evidence, as well as any reasonable inferences that may be drawn
from the evidence. Id.

To obtain a conviction
for murder, the State was required to prove that appellant
(1) intentionally or knowingly caused the death of an individual; or
(2) intended to cause serious bodily injury and committed an act clearly
dangerous to human life that resulted in the death of an individual. Tex. Penal
Code Ann. § 19.02(b)(1)­–(2) (West 2010). Eric Nash testified that he saw
appellant shoot his younger brother. Remone Jackson also testified that
appellant shot the complainant. The jury was free to disbelieve the testimony
of the alibi witnesses. Viewed in the light most favorable to the verdict, we
conclude the eyewitness testimony was sufficient for a rational juror to find every
element of murder beyond a reasonable doubt.

The judgment of the
trial court is therefore affirmed.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).