Affirmed and Memorandum Opinion filed May 3, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00211-CR

___________________

 

Michael Leroyce Rodgers, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 263rd District Court

Harris County,
Texas



Trial Court Cause No. 1149926

 



 

 

MEMORANDUM OPINION

            Appellant Michael Leroyce Rodgers was convicted on one
count of aggravated robbery. Punishment was assessed at eighteen years’
imprisonment. On appeal, he challenges the legal and factual sufficiency of the
evidence. We affirm.

The complainant, Anthony
Pete, rented a two-bedroom apartment in southwest Houston, which he shared with
Daphne Pete, his daughter, and appellant, her then-boyfriend. On January 13,
2008, Anthony overheard a heated argument coming from the couple’s bedroom.
Anthony called the police, who responded to the disturbance but made no
arrests. After the police left, Anthony advised appellant that he was no longer
welcome in the apartment. He called appellant’s sister and arranged for her to
remove appellant and all of his belongings the following evening.

The next day, Anthony
returned home from work and found that appellant was still at his apartment.
Anthony overheard a phone call between appellant and his sister in which
appellant mentioned that he was plotting “some sort of revenge” against Anthony
for having called the police the night before. Anthony took his cell phone into
the bathroom, locked the door, and called his cousin for help.

Anthony testified that he
then heard appellant exit the apartment and return with another person. Anthony
stated that they started kicking and banging on the bathroom door, and when the
frame eventually broke, a masked man came inside and began kicking and punching
him. According to Anthony, appellant stood in the doorway, encouraging the
attacker to “get that [expletive].” Anthony said that appellant also told the
attacker to check for any money in his pockets. When none was found, the
attacker took a knife and stabbed Anthony twice in the back, causing damage to
his spleen. The men left, absconding only with Anthony’s cell phone.

The incident was overheard
by Paris Tate, Anthony’s upstairs neighbor. When he heard that the beating had
stopped, Paris testified that he saw appellant run outside to a waiting SUV,
screaming “He doesn’t have any money.”

Later that night, Daphne
received a call from appellant in which he admitted to having “one of his Blood
friends to go and beat up my dad.” She testified that appellant “kept telling
me he was sorry and didn’t mean for that to happen.” Daphne further claimed
that appellant was in possession of her father’s cell phone in the hours after
the attack. 

Appellant took the stand
in his own defense and denied any involvement in the offense.

In his first issue,
appellant contends the evidence is legally insufficient to support his conviction.
Specifically, he argues that no physical evidence was ever collected showing
that appellant participated in the offense. He also notes that nothing was
stolen from the complainant’s person, because the cell phone was purportedly
left in an adjacent room. In his second issue, appellant contends the evidence is
factually insufficient, challenging the accuracy and credibility of the witness
testimony.

During the pendency of
this appeal, the Texas Court of Criminal Appeals decided that only one standard
should be used to evaluate the sufficiency of the evidence in a criminal case:
legal sufficiency. Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App.
2010) (plurality opinion); id. at 926 (Cochran, J., concurring). Accordingly,
we review appellant’s two issues under the standard announced in Jackson v.
Virginia, 433 U.S. 307 (1979), asking only whether the evidence against him
is legally sufficient to sustain a verdict beyond a reasonable doubt. See
Pomier v. State, 326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010,
no pet.).

When reviewing the legal
sufficiency of the evidence, we examine all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson,
433 U.S. at 319. Although we consider everything presented at trial, we do not
reevaluate the weight and credibility of the evidence and substitute our
judgment for that of the fact finder. Williams v. State, 235 S.W.3d 742,
750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the
credibility of witnesses and of the weight afforded to their testimony, any
conflicts or inconsistencies in the evidence are resolved in favor of the
verdict. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).
Our review includes both properly and improperly admitted evidence. Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both
direct and circumstantial evidence, as well as any reasonable inferences that
may be drawn from the evidence. Id.

A person commits the
offense of robbery if, in the course of committing a theft and with intent to
obtain or maintain control of the property, he (1) intentionally,
knowingly, or recklessly causes bodily injury to another; or
(2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death. Tex. Penal Code Ann. § 29.02 (West 2010).
A person does not have to complete a theft to commit a robbery; rather, his
conduct must only occur “in an attempt to commit, during the commission, or in
immediate flight after the attempt or commission of theft.” Id.
§ 29.01. To obtain a conviction for aggravated robbery, the State was
required to show that appellant committed a robbery and either (1) caused
serious bodily injury to another, or (2) used or exhibited a deadly
weapon. Id. § 29.03.

Appellant was charged as
both a principal and a party to the offense. A person is criminally responsible
as a party if, acting with the intent to promote or assist the commission of
another’s offense, he solicits, encourages, directs, aids, or attempts to aid
the other person to commit the offense. Id. § 7.02(a)(2). Because
the jury could convict appellant under alternative theories, we will uphold the
verdict if the evidence is sufficient under either one. Sorto v. State,
173 S.W.3d 469, 472 (Tex. Crim. App. 2005).

After reviewing the
evidence in the light most favorable to the verdict, we conclude that a
rational jury could have convicted appellant under the law of parties. The
complainant testified that appellant was present at the offense, directing the
assailant to attack him and check his pockets for money. A neighbor, who had
come to recognize appellant as a resident in the apartment complex, saw him
running away just after the offense was committed. Moreover, the complainant’s
daughter testified that appellant admitted to having a friend beat up her
father. She also testified that appellant was in possession of the
complainant’s cell phone after the offense had been committed. Based on this
evidence, a rational jury could have found every element of aggravated robbery
beyond a reasonable doubt. As the finder of fact, the jury was free to
disbelieve appellant’s testimony that he was not involved in the offense.

We overrule appellant’s
two issues and affirm the judgment of the trial court. 

 

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices
Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).