# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2013

Lyle W. Cayce
Clerk

No. 12-41312
Summary Calendar

THOLONAUS D. POMIER,

Plaintiff-Appellant

v.

M.E. GEAN LEONARD, JR.; R.C. DE LA CRUZ, JR.; KURT SISTRUNK,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-121

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tholonaus D. Pomier, Texas prisoner # 1554567, has appealed the district court's judgment dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted. We review the dismissal of a complaint under § 1915A(b)(1) de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Green v. Atkinson*, 623 F.3d 278, 279 (5th Cir. 2010). Pomier complains of the conditions of his confinement as a pretrial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

detainee at the Galveston County Jail during and after Hurricane Ike. He complains that the defendant sheriff failed to evacuate him, that he suffered psychological damages because of conditions in the jail during and after the storm, and that his right of access to the courts was denied because he did not have access to the jail law library.[1]

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although he was a pretrial detainee, Pomier was a "prisoner" under the statutory definition of that term. *See* § 1997e(h). Pomier contends that his psychological-injury claim is not barred by § 1997e(e) because he did sustain a physical injury, that is, "discoloration of his right big toe as a result of . . . foot fungus." Pomier's injury was de minimis and was insufficient to overcome the statutory hurdle of § 1997e(e). *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003). Section 1997e(e) does not, however, bar claims for nominal and punitive damages. *Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007).

Pomier contends that his conditions-of-confinement claim should have been analyzed under *Bell v. Wolfish*, 441 U.S. 520 (1979), and not under the standard in *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Pretrial detainees and convicted prisoners . . . look to different constitutional provisions for their respective rights to basic needs such as medical care and safety." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Convicted prisoners are protected by the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Under the

---

[1] Pomier has waived his claim against District Attorney Kurt Sistrunk by failing to discuss it in his brief on appeal. *See United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000).

due process guarantees of the Fourteenth Amendment, states cannot punish pretrial detainees. *Id.* (citing *Bell*, 441 U.S. at 535, 538).

We held in *Hare* that episodic acts and omissions, however, such as the sheriff's decision not to evacuate the jail, are evaluated under the standard in *Farmer*. *See id.* at 643. Under *Farmer*, "a prison official may be held liable . . . for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." 511 U.S. at 847. "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

Pomier cannot show that the sheriff knew that he faced a substantial risk of serious harm because of the approaching hurricane and that the sheriff disregarded that risk by deciding unreasonably not to evacuate the jail. *See Farmer*, 511 U.S. at 847. Evacuation itself entails significant risks for evacuees and for institutional security, and the sheriff could well have decided that Pomier would be safest sheltering in place in a reinforced structure such as a jail. Of course, as it turned out, Pomier did survive the storm.

To the extent that Pomier complains about short-term conditions that existed in the jail following the storm, he still may not prevail. Pomier alleged, *inter alia*, that there was no power at the jail for five days, that he could not use a toilet to defecate for three days, that he could not shower for seven days and then had to take cold showers for seven more days, that toilets were filled with urine and feces for thirteen days, and that there was no clean water available for three days. Because Pomier cannot show that the defendants implemented a rule or restriction designed to bring about these conditions, *Bell* is applicable if Pomier shows that the defendants' "acts or omissions were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice to which the *Bell*

test can be meaningfully applied." *Hare*, 74 F.3d at 645.   Pomier cannot make this showing.  We agree with the district court that Pomier's allegations amount to temporary conditions that arose due to the virtually unprecedented effects of a major hurricane and the defendants' decision not to evacuate the jail.  As noted by the district court, Hurricane Ike was the largest storm to hit Galveston since 1900.   Pomier has not alleged pervasive or extended misconduct in the face of this natural disaster, nor has he shown any actionable injuries from the resulting alleged conditions.   We therefore perceive no error in the district court's dismissal of Pomier's claims.

Pomier also contends that he did not have access to the jail law library following the hurricane and that he was unable to prepare for his criminal trial, at which he was representing himself.   As a result, he contends, he was sentenced to an unlawful 20-year term of imprisonment, which was overturned on appeal.  "An inmate alleging the denial of his right of access to the courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). In vacating Pomier's 20-year sentence, the state appellate court acted sua sponte.  *See Pomier v. State*, 326 S.W.3d 373, 384 (Tex. App. 2010).  If Pomier's appellate attorney could not identify the trial court's error, there is no reason to believe that Pomier would have discovered the error prior to trial if he had more access to a law library.  *See Brewster*, 587 F.3d at 769.

The district court's judgment is AFFIRMED.