**Affirmed as Modified and Memorandum Opinion filed September 27, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00679-CR

---

### DAVID WAYNE HARRIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 14CR2119**

---

## MEMORANDUM OPINION

Two issues are raised in this appeal from a conviction for stalking: (1) whether the evidence is legally sufficient to support the conviction, and (2) whether the trial court erred by ordering appellant to reimburse the State for the costs expended on his appointed trial counsel. We conclude that there is sufficient evidence to support the conviction. We further conclude that the trial court's reimbursement order is erroneous. We modify the judgment to delete the reimbursement order, and we affirm the judgment as modified.

# BACKGROUND

Appellant and the complainant separated in 2004 after four years of marriage. They remained intimate for the next ten years, but by March of 2014, their relationship had greatly deteriorated. According to the complainant, appellant began sending her text messages in which he threatened to kill her. The complainant reported appellant to police, who arrested him for having made a terroristic threat.

Appellant was released from jail on the same day as his arrest, and he recommenced his threatening text messages the following day. The complainant reported appellant a second time, and the police executed another arrest nearly two months later. Once again, appellant was released from jail on the same day as his arrest, allowing the cycle to begin anew. As the threats continued, the State decided to prosecute appellant for the felony offense of stalking, in lieu of the misdemeanor charges for terroristic threats. A jury convicted him of stalking and assessed punishment at twenty years' imprisonment.

## SUFFICIENCY OF THE EVIDENCE

***Standard of Review.*** When reviewing the sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The evidence is legally insufficient when the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense. *See Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact

finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

***The Offense.*** To obtain a conviction for stalking, the State was required to prove the following essential elements: (1) appellant knowingly engaged in conduct on more than one occasion and pursuant to the same scheme or course of conduct directed specifically at the complainant; (2) appellant knew or reasonably should have known that the complainant would regard this conduct as threatening; (3) the conduct caused the complainant to be placed in fear for her life; and (4) the conduct would cause a reasonable person to be placed in fear for his or her own life. *See* Tex. Penal Code § 42.072(a); *Pomier v. State*, 326 S.W.3d 373, 379 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

***The Evidence.*** The record contains copies of more than one hundred text messages that were received by the complainant. From that entire collection, we reproduce just the following sample:

- "I want to chain you to my bumper and drag you around Santa Fe for all the world to see your true colors."

3

- "I've got 16 shots. Might as well shoot your lover too. I'm delusional, so I'll get away with it."

- "I'm [going] to shoot you in front of your kids so they have a real reason to hate me."

- "I want to skin you alive and feed the pieces to the fish."

- "No jury will convict me for killing you."

- "I have a ride and a gun. Your ass is mine."

- "Watch your back. Never know who will get you or when."

- "I'm going to kill you. Tell the police. Tell whoever will listen, but it won't stop me from killing you."

- "I've killed you a thousand times in my delusions. Can't wait to do it for real."

- "I'm already going to jail for threatening you, I might as well get my moneys worth. Bring a bodyguard."

- "oooooh. a protective order! is it printed on kevlar and made into a vest?"

- "You should stay away from the windows."

- "Terroristic threat. Now I'm the father to your kids and a terrorist. You should get a gun to protect yourself from me. Shoot to kill."

- "Check your brake lines every time you get in [the] van."

- "My heart has no room for you but the trunk of my car definitely does."

- "How's it feel living in fear for your life?"

- "See you in court. If you live that long."

Appellant acknowledges the threatening nature of these text messages, but he claims that there is legally insufficient evidence to prove that he sent them. We disagree. Business records established that all of the text messages were sent from a single phone number, and that number was registered in appellant's name. The complainant also testified that the text messages were coming from appellant's personal phone number. The jury could have credited this evidence and reasonably found that appellant composed and sent each text message.

The jury could have also found that appellant's text messages caused the complainant to be placed in fear. The complainant testified that she "lived in fear every day." She explained that she had to check her vehicle before she entered it, and she "was always looking over [her] shoulder in fear that [appellant] was either there or following [her]."

Appellant's conduct would also cause a reasonable person to fear for his or her own life. By their express language, appellant's text messages threatened the complainant with death. In addition to this grave language, the messages occasionally included images, and one of the images was a recent photograph of the complainant's personal residence. The image demonstrated that appellant was watching the complainant and could sneak up on her at any moment.

The State produced evidence that appellant made calls to the complainant, apart from the text messages. Appellant argues that this evidence is insufficient to support his conviction because there is no proof that the calls were threatening or that they placed the complainant in fear for her life. We need not address this argument because the evidence of appellant's text messages are sufficient to support his conviction for stalking. All of the text messages were directed specifically towards the complainant. The evidence supports a finding that appellant knowingly sent the text messages, which he knew or should have known

5

were threatening, which placed the complainant in actual fear for her life, and which would cause a reasonable person to fear for his or her own life. *See* Tex. Penal Code § 42.072(a).

The jury could have found every essential element of the offense beyond a reasonable doubt. *See Werner v. State*, 412 S.W.3d 542, 550 (Tex. Crim. App. 2013) (evidence of stalking was overwhelming where the defendant used illegal tracking devices and sent the complainant intimidating text messages). Accordingly, we overrule appellant's first issue.

## REIMBURSEMENT ORDER

The judgment of conviction includes a provision that orders appellant to reimburse the State for the costs of his appointed trial counsel. The amount of the reimbursement order is $3,465.59. In his second issue, appellant argues that the trial court erred by ordering this reimbursement because he is indigent and because there is no evidence showing that he has the financial resources or ability to pay for his appointed counsel.

The trial court has the authority to order the reimbursement of appointed attorney's fees "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided." *See* Tex. Code Crim. Proc. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We review the evidence in the light most favorable to the judgment when deciding whether the record contains legally sufficient evidence to support these elements. *Id.* at 557. Absent sufficient evidence, the defendant may not be ordered to pay attorney's

6

fees. *See West v. State*, 474 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Appellant was found to be indigent before trial. By law, he was presumed to have remained indigent for the remainder of his proceedings unless a material change in his financial circumstances occurred. *See* Tex. Code Crim. Proc. art. 26.04(p). Our record does not reveal any evidence of changed financial circumstances, and the State concedes that there is none. Because there is no evidence that appellant has the financial resources or ability to pay for the costs of his appointed trial counsel, the reimbursement order is erroneous and should be deleted. Accordingly, we sustain appellant's second issue.

## CONCLUSION

We modify the judgment by deleting the reimbursement order and affirm the judgment as modified.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).