*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

## OPINION

No. 04-09-00498-CR

Christopher **ROSALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-9211
Honorable Ron Rangel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Rebecca Simmons, Justice
               Steven C. Hilbig, Justice, concurring in the judgment only
               Marialyn Barnard, Justice

Delivered and Filed:  November 3, 2010

AFFIRMED

A jury convicted appellant Christopher Rosales of the murder of Juan Flores. In three points of error, Rosales contends: (1) the evidence is legally insufficient to support the conviction; (2) the evidence is factually insufficient to support the conviction; and (3) the trial court erred in admitting his oral statement. We affirm the trial court's judgment.

## BACKGROUND

Cristo Rubio was on his postal delivery route when he noticed Juan Flores's video store was not open as it usually was at that time. Rubio testified Matthew Gravlin was outside the store and acted nervously when Rubio spoke to him. Rubio knew Gravlin worked for Flores. Rubio eventually called the police.

Officer Alfred Lopez of the San Antonio Police Department arrived first. At trial, he testified Gravlin was acting nervously and was "adamant about sticking around." Officer Lopez said that when he peeked inside the store, it was in disarray and this prompted him to use bolt cutters to enter the store. After additional officers arrived, they entered the store. Officer Lopez testified they found a baseball bat with blood on it sitting in a bucket of bleach. Officer Gloria Belcher testified she found Flores's body lying behind the counter. She saw a head wound. Photographs introduced into evidence showed Flores was naked from the waist down, but there was no evidence of sexual assault. The chief medical examiner testified Flores died from blunt force injuries to the head.

When Detective Tim Angels, the lead homicide detective on the case, arrived at the store, he found handwritten notes next to the cash register. One of the notes was written by another employee, Rosales. Detective Angels did not recall if there was any cash in the register, but he noted that the Flores family told him Flores kept a substantial amount of cash hidden inside the business. However, Detective Angels never found any large sums of cash in the store.

Gravlin was taken to the police station where he gave a statement to Detective Jesse Salame of the homicide unit. When Detective Angels spoke to Gravlin, he noticed Gravlin was wearing a large ring that the Flores family mentioned Flores frequently wore. After taking the

ring, Detective Angels placed Gravlin under arrest. While in custody, Gravlin confessed to the murder of Flores.

Detective Angels later had Rosales taken into custody.[1] While in custody, Rosales confessed to the murder and gave Detective Angels the names of two people he told about the murder—Veronica Zavala and Ashlee Moore. Rosales discussed the murder in detail, and Detective Angels believed Rosales told him things that only someone present during the murder would have known. Rosales also admitted the shorts he was wearing were the ones he wore during the murder. When tested, forensics found Flores's blood on the shorts.

At trial, Ashlee testified that on the night of the murder she received two text messages from Rosales stating, "No matter what happens, I'll always love you." After receiving these messages, Ashlee called Rosales. Rosales told her he was going to kill his boss. Ashlee testified that later that evening, somewhere around 10:00 or 11:00 p.m., Rosales called back, was crying hysterically, telling her he had murdered his boss.

Veronica Zavala testified that the night of the murder she was witness to a conversation between Gravlin and Rosales that made Rosales angry. Rosales said that his boss was going to "f--- things up for him." Veronica testified that the next day she received a text message from Rosales stating, "I f---ed up." After receiving the message, Veronica met with Rosales. Veronica testified Rosales had a plastic bag containing a black polo shirt that appeared to be "caked" and "hard." Veronica asked if it was blood on the shirt but Rosales just told her to throw it away. Veronica testified that later on that day, Rosales told her he killed his boss and took the money. Rosales showed Veronica a large roll of cash totaling about $900.

---

[1] Rosales was taken into custody after Detective Angels had spoken with Veronica Zavala. Her testimony will be discussed later.

The jury found Rosales guilty of murder. Rosales elected the trial court to assess punishment, and the trial court sentenced him to fifty-seven years confinement in the Texas Department of Criminal Justice-Institutional Division.

## DISCUSSION

### *Legal and Factual Sufficiency*

In his first and second points of error, Rosales contends the evidence is legally and factually insufficient to support his conviction for murder. We disagree.

In *Brooks v. State*, the Texas Court of Criminal Appeals recently resolved the inconsistency between the legal and factual sufficiency review standards by creating one universal standard. No. PD-0210-09, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6, 2010). The court adopted the *Jackson v. Virginia* legal sufficiency review standard as the standard for both legal and factual sufficiency reviews, and the court explicitly overruled *Clewis v. State* which set forth the standard for a factual sufficiency review. *Id.*; *see generally Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). For a factual sufficiency review, appellate courts were to review the evidence in a neutral light, but in a legal sufficiency review, the courts must evaluate "all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Jackson* 443 U.S. at 319. The legal sufficiency standard mandates that an appellate court defer to the factfinder's credibility and weight determinations. *Brooks*, 2010 WL 3894613, at *8. "After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to any essential element."

*Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Based on *Brooks*, we will review the evidence in a light most favorable to the verdict for Rosales's sufficiency claims.

A person commits the offense of murder if he "intentionally or knowingly causes the death of an individual" or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (West 2003).

Rosales argues the evidence is insufficient to support his murder conviction. Rosales points to the fact that Detective Angels stated both Rosales and Gravlin took responsibility for the murder and that Rosales did not have more than two drops of blood on his shorts.

When viewed in the light most favorable to the verdict, we hold the evidence was sufficient to support the conviction. First, an "oral confession [is] by itself sufficient evidence to warrant a rational finding of appellant's guilt of all the elements of the offense beyond a reasonable doubt." *Fisher v. State*, 851 S.W.2d 298, 304 (Tex. Crim. App. 1993). Rosales confessed to Detective Angels, and his confession was played for the jury. This alone is sufficient to support a finding of Rosales's guilt, but there is more. The jury heard that Rosales told Ashlee he was going to kill his boss hours before the crime was actually committed. Ashlee testified Rosales called her later that night and told her he had killed his boss. Veronica testified that the night of the murder, she witnessed Rosales become angry at his boss during a conversation with Gravlin. Rosales also told Veronica he killed his boss.

As for Rosales's argument that his shorts should have had more blood on them given the vicious nature of the crime, Veronica testified Rosales told her to throw away a shirt that seemed to be caked in blood. In fact, Veronica testified there was so much liquid on the shirt, it had hardened. When Veronica asked if it was blood, Rosales did not answer and just told her to

throw it away. Although Detective Angels said in the interview with Rosales that Rosales should have more blood on him, there was testimony, which the jury could have chosen to believe, that although it was never established the shirt belonged to Rosales, he was in possession of a shirt that was covered in blood.

After hearing all of this evidence, the jury, as the sole judge of credibility and weight to be given the evidence, was free to accept or reject any or all of the evidence presented by either side. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jury could reasonably conclude that Rosales either intentionally or knowingly caused the death of Flores, or intended to cause serious bodily injury to Flores and commit an act clearly dangerous to Flores's life that caused his death. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2).

Moreover, the jury could rationally believe Rosales was telling the truth when he confessed to the murder and Gravlin was not when he confessed. They may have chosen to believe that Rosales committed the murder because: (1) he not only confessed to Detective Angels, but also confessed to two other people; (2) he asked Veronica to throw away a bloody shirt; and (3) he had Flores's blood on his shorts.

Reviewing the evidence in a light most favorable to the verdict, the jury could reasonably conclude that Rosales murdered Flores. Therefore, we conclude the evidence was sufficient to support Rosales's murder conviction. Accordingly, we overrule Rosales's sufficiency claim.

### *Electronically Recorded Statement*

In Rosales's third point of error, he contends his oral statement, which was electronically recorded on DVD, is inadmissible because officers did not comply with section 38.22 of the Texas Code of Criminal Procedure, resulting in a violation of the Texas and United States Constitutions. Rosales argues that although the San Antonio Police Department provided him

with warnings on a card, the warnings were not complete or in the statutorily required language. Rosales also argues his statement was involuntary because his mental impairment rendered him unable to resist pressure during questioning by the police.

Section 38.22 provides that an oral confession is inadmissible unless it is electronically recorded, and before the statement is made, the accused is given the full warnings as set forth in the statute. TEX. CODE CRIM. PROC. ANN. art. 38.22(3)(a)(1), (2) (West 2005).

However, when the State introduced Rosales's statement into evidence, Rosales's attorney affirmatively stated she had no objections to the admission of the statement. Therefore, the State argues Rosales failed to preserve error because he failed to object to the admission of the oral statement. We agree.

Under the Texas Rules of Appellate Procedure, to preserve error for appellate review, the complainant must have made a timely objection. TEX. R. APP. P. 33(a)(1). In order to preserve error for review, an objection that the statement was taken in violation of section 38.22 must be specifically made. *See Banargent v. State*, 228 S.W.3d 393, 401 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Pina v. State*, 38 S.W.3d 730, 736 (Tex. App.—Texarkana 2001, pet. ref'd). Here, because Rosales affirmatively stated he did not have an objection to the entry of the oral statement, we conclude that he has waived his right to complain about the admission of his statement. Accordingly, we overrule Rosales's third point of error.

## CONCLUSION

Based on the foregoing, we hold Rosales's points of error are without merit and we affirm the trial court's judgment.

Marialyn Barnard, Justice

PUBLISH