Opinion
issued November 10, 2010.



In The

Court
of Appeals

For The

First
District of Texas

————————————

No.
01-10-00054-CR

————————————

KENNETH SHAYE ERVIN, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 182nd District Court

Harris County, Texas



Trial
Court Cause No. 1164612

 



 

O P I N I O N

          Appellant,
Kenneth Shaye Ervin, appeals from a judgment sentencing him to life in prison
for the murder of Quincy Sheppard.  See
Tex. Penal Code Ann. § 19.02(b)
(Vernon 2003).  In two issues, appellant
contends that the evidence is legally and factually insufficient to support his
conviction for murder.  Concluding the evidence
is sufficient, we affirm.

Background

Ronald and Quincy Sheppard lived
at their father’s apartment in southeast Houston.  At the time, Ronald was making a lot of money
selling illegal drugs around the apartment complex, and appellant’s cousin did
not want Ronald around.  One evening in
April 2008, the Sheppard brothers walked on the street outside their apartment
complex when appellant and appellant’s cousin directed vulgar words at
them.  Appellant then pulled out a black,
semiautomatic gun and fired approximately six bullets towards the Sheppard
brothers as they ran away.

About two days later, the Sheppard
brothers went outside their apartment complex to deliver illegal drugs to a
customer.  Appellant and his cousin ran
up to them.  Appellant pointed the same
gun at them and demanded, “Give me the money and the marijuana.”  Ronald complied.  As the Sheppard brothers were leaving,
appellant fired approximately five bullets at them.  The brothers again escaped uninjured.

Approximately two days after the
theft, as the Sheppard brothers walked back to their apartment at night, Ronald
looked back and saw appellant holding the same gun at his side.  Appellant said, “Don’t run now.”  Ronald tapped on Quincy’s shoulder,
instructing him to run away.  Ronald then
ran inside his father’s apartment, where he heard the sound of two gunshots
fired outside.

At the same time, Walter Dixon was
outside the apartment complex and heard the gunshots.  Dixon saw appellant quickly walking away from
where the sound of the gunshot originated. 
Dixon saw appellant attempting to conceal something, which Dixon thought
was a gun, in his pants.  Dixon perceived
appellant to be panicked and in a hurry. 
When Dixon asked him, if he was okay, appellant answered, “No,” and left.

After hearing the gunfire, Ronald
went to Quincy and stood nearby screaming, yelling, and crying
hysterically.  Ronald told the police
officers who arrived at the scene that appellant shot Quincy.  The police found Quincy lying unconscious on
the ground; he had been shot in the arm and the chest and was pronounced dead
at the scene.  The police recovered two
fired .40 caliber cartridge casings from the crime scene.  In the subsequent investigation, police
officers recovered two .40 caliber bullets from appellant’s girlfriend’s
apartment.  This was the same caliber as
the casings found at the scene of the shooting and the bullet fragments later
recovered from Quincy’s body.

The day after Quincy’s death,
Dixon saw appellant.  Appellant, who was
with a couple of his friends, called Dixon to come over.  Appellant instructed one of his friends to
“[a]sk [Dixon] about it.”  By “it,” Dixon
understood appellant to be referring to the prior night’s shooting.  Dixon offered, “I don’t know nothing, and you
shouldn’t be talking about it.”

In the days shortly after the
shooting, Dixon was interviewed by the police, but he did not mention either
seeing appellant on the night of the shooting or the conversation that occurred
the day after.  Earning a reward for the
tip, Dixon later contacted Crime Stoppers to report that he saw appellant on
the night of the shooting.  Approximately
two years later, in the week before trial, Dixon met with the prosecutor and
disclosed for the first time the conversation with appellant that occurred the
day after the shooting.

At trial, Dixon identified
appellant as the man he saw leaving the crime scene on the night of the
shooting.  Dixon testified that he knew
appellant as “Teardrop.”  Appellant has a
tattoo of teardrops near his left eye. 
At trial, Ronald also identified appellant as the shooter.  He testified that he knew appellant as “Ken
Ken.”  Appellant, whose first name is
Kenneth, has a tattoo on his left bicep that states, “Ken Ken hearts Arneshia.”

Appellant pleaded not guilty.  The jury found him guilty, found true a
felony enhancement paragraph, and assessed his sentence.  Appellant filed a motion for new trial, which
was overruled by operation of law.  

Sufficiency
of the Evidence

In two issues, appellant contends that the circumstantial
evidence is legally and factually insufficient to support his conviction for
murder.  In his combined argument
concerning both issues, appellant points out that there was no direct evidence,
such as an eyewitness’s testimony, that he fired the two bullets that killed
Quincy.  Appellant does not separately
argue his legal- and factual-sufficiency challenges.

A.      Standard of Review

In
light of the recent court of criminal appeals decision in Brooks v. State, we must determine what standard of review we will
apply to an evidentiary-sufficiency challenge styled as a factual-sufficiency
challenge.  See Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at
*1–14 (Hervey,
J., joined by Keller, P.J., and Keasler and Cochran, JJ., plurality opinion), *14–21
(Cochran, J., joined by Womack, J., concurring), *22–25 (Price, J., joined by
Meyers, Johnson, and Holcomb, JJ., dissenting) (Tex. Crim. App. Oct. 6, 2010).  Of the three opinions issued in
Brooks, no opinion was joined by a
majority of the judges.  Id. 
When an appellate court decides a case
without issuing a majority opinion providing a single rationale explaining the
result, the majority holding is the position taken by those members who
concurred in the judgment on the narrowest grounds.  Haynes
v. State, 273 S.W.3d 183, 186 (Tex. Crim. App. 2008) (quoting Marks v. United States, 430 U.S. 188,
193, 97 S. Ct. 990, 993 (1977)).  In Brooks, a majority of judges joined
either the plurality or the concurring opinion. 
See Brooks, 2010 WL 3894613 at
*1, *14.  Accordingly, the narrowest
ground on which they agree constitutes the Brooks
majority holding.  See Haynes, 273 S.W.3d at
186.

In Brooks, the plurality and the concurrence both agreed to overrule
the court of criminal appeals’ prior holding in Clewis v. State that had applied separate standards of review for
legal and factual sufficiency of the evidence challenges.  Brooks, 2010 WL 3894613, at *1, 15.  In Clewis,
the court held that legal-sufficiency challenges are to be reviewed in the
light most favorable to the verdict under the standard of review established by
Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979), but that factual-sufficiency challenges
are to be reviewed under a different, neutral, standard.  Clewis v. State, 922 S.W.2d 126, 132,
134 (Tex. Crim. App. 1996), overruled by Brooks, 2010 WL 3894613.[1]  The
plurality and concurring opinions in Brooks
agree that the Jackson standard of review is the sole
standard to be used
for challenges concerning the sufficiency of the evidence to support each
element of the offense and that a finding of insufficiency
results in an order acquitting the appellant. 
See Brooks, 2010 WL 3894613, at *14, *17,
*20, *22[2]; see also Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982).  This majority holding is
the precedent of the court of criminal appeals. 
See Haynes, 273 S.W.3d at 186.

          As an
intermediate court of appeals, we are bound to follow the precedent of the
court of criminal appeals.  Purchase v. State, 84 S.W.3d 696, 701
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); See Tex. Const. art.
V, § 5(a) (court of criminal appeals is final authority for criminal law in
Texas).  Although an intermediate
appellate court’s decision “shall be conclusive on all questions of fact
brought before them on appeal or error,” the court of criminal appeals has the
authority to determine questions of law, including the standard of review that
an intermediate appellate court must use in conducting factual review.  See Tex. Const. art. V, § 6(a)
(providing for questions of fact to be resolved by intermediate appellate
courts); Roberts v. State, 221 S.W.3d 659, 663 (Tex. Crim. App. 2007).[3]  Determining
that the Clewis standard should no longer be applied to review the
factual sufficiency of the evidence, the Texas Court of Criminal Appeals
establishes the Jackson standard for the review of factual-sufficiency
challenges.  See Brooks, 2010 WL 3894613, at *14, *22.[4] 
We are bound to follow the Brooks majority holding, and we,
therefore, apply the Jackson
sufficiency standard of review to complaints styled as legal or factual
sufficiency challenges concerning the elements of a criminal
offense.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789.  “It bears
emphasizing that a rigorous and proper application of the Jackson v. Virginia legal-sufficiency standard is as exacting a
standard as any factual-sufficiency standard (especially one that is ‘barely
distinguishable’ or indistinguishable from a Jackson v. Virginia legal-sufficiency standard).”  Brooks,
2010 WL 3894613, at *11.

Under
the Jackson standard, evidence is
insufficient to support a conviction if, considering all the record evidence in the light
most favorable to the verdict, no rational factfinder could have found that
each essential element of the charged offense was proven beyond a reasonable
doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; In re Winship, 397 U.S. 358, 361, 90 S.
Ct. 1068, 1071 (1970); Laster v. State, 275
S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Viewed in the light most favorable to the
verdict, the evidence is insufficient under this standard in two
circumstances:  (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt.  See Jackson,
443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786,  2789 n.11, 2789 (“That the Thompson [v. Louisville, 362 U.S. 199, 206, 80 S. Ct. 624, 629 (1960),] ‘no
evidence’ rule is simply inadequate to protect against misapplications of the
constitutional standard of reasonable doubt is readily apparent.  A mere modicum of evidence may satisfy a ‘no
evidence’ standard . . . .  But it could
not seriously be argued that such a ‘modicum’ of evidence could by itself
rationally support a conviction beyond a reasonable doubt.”) (citations
omitted); Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750. 
A hypothetical example of this second circumstance was described in Brooks:

The
store clerk at trial identifies A as the robber.  A properly authenticated surveillance
videotape of the event clearly shows that B committed the robbery.  But, the jury convicts A.  It was within the jury’s prerogative to
believe the convenience store clerk and disregard the video.  But based on all the evidence the
jury’s finding of guilt is not a rational finding. 

 

Brooks, 2010 WL 3894613, at *11 (quoting Johnson v. State, 23 S.W.3d 1, 15 (Tex.
Crim. App. 2000) (McCormick, P.J., dissenting) (emphasis in original).

If an
appellate court finds the evidence insufficient under the Jackson standard, it must reverse the judgment and enter an order
of acquittal.  See Tibbs, 457 U.S. at 41, 102 S. Ct. at 2218.  An
appellate court determines whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. 
See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  In viewing the record, “[d]irect and
circumstantial evidence are treated equally: ‘circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.’”  Id.
(quoting Hooper v. State, 214 S.W.3d
9, 16–17 (Tex. Crim. App. 2007)).  An appellate
court presumes that the factfinder resolved any conflicting inferences in favor
of the verdict and defers to that resolution. 
See Jackson, 443 U.S.
at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.  An appellate court also defers to the
factfinder’s evaluation of the credibility of the evidence and weight to give
the evidence.  See Williams, 235
S.W.3d at 750.

B.      Applicable Law
to Establish Murder

A person commits murder if (1) he commits an act that causes
the death of another, and (2) he intended or knew that death would result from
the act, or he intended that serious bodily injury would result from the act
and the act is clearly dangerous to human life. 
Tex. Penal Code Ann. § 19.02(b)(1)–(2).  Proof of a defendant’s motive to commit the
charged offense is significant circumstantial evidence indicating guilt.  See
Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).  

C.      Analysis

          As emphasized by the Brooks plurality, we conduct “a rigorous
and proper application” of the Jackson
standard of review to determine whether the facts in the record are sufficient
to establish murder beyond a reasonable doubt. 
See Brooks, 2010 WL 3894613,
at *11; Pomier v. State, No. 14-09-00247-CR,
2010 WL 4132209, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21, 2010, no. pet.
h.).  The record includes circumstantial evidence linking
appellant to the offense as well as evidence of his motive to kill
appellant.  Appellant does not challenge
the evidence establishing his identity as the person who twice shot at the
Sheppard brothers, nor as the person seen holding a gun immediately before
Quincy was shot.  Rather, his sole challenge
concerns the evidence linking him to Quincy’s death.  

          Immediately before Quincy was shot,
Ronald saw appellant holding the same gun that appellant had previously used to
shoot at him and Quincy.  Appellant told
the Sheppard brothers not to run.  When
Ronald escaped into the safety of his father’s apartment, he heard two gunshots
fire outside.  Ronald quickly went
outside where he saw Quincy, who had been shot twice.

          A second witness, Dixon, also provides
circumstantial evidence that appellant shot Quincy. 
Dixon heard the gunshots and saw appellant walking from where the sound
originated.  Dixon thought appellant
looked panicked as he attempted to conceal what Dixon believed to be a
firearm.  The day after the shooting,
appellant spoke with Dixon in the presence of appellant’s friend.  Appellant told his friend to ask Dixon about
“it,” which Dixon believed referred to the shooting.  Furthermore, Quincy was killed with a firearm
that used .40 caliber ammunition, and that type of ammunition was found in
appellant’s girlfriend’s apartment.

Although appellant contends that the record does not show
that he had a motive to murder Quincy, that is an inaccurate portrayal of the
circumstances.  The jury could have rationally found
that appellant had a motive to kill Quincy from the evidence that he fired at
Quincy on two occasions during the week before Quincy was shot to death.  See
Foy v. State, 593 S.W.2d 707, 709
(Tex. Crim. App. 1980) (evidence of prior offense committed against victim
indicates existence of ill will or hostility towards victim and is
circumstantial evidence of existence of motive for committing charged offense);
Burton v. State, 762 S.W.2d 724, 727 (Tex.
App.—Houston [1st Dist.] 1988, no pet.).

          Viewing the totality of the
circumstances in the light most favorable to the verdict, we conclude that the
jury could have rationally found each element of murder was proven beyond a
reasonable doubt.  See Clayton, 235 S.W.3d at    779–81 (although insufficient standing
alone, considered together circumstantial evidence that appellant was at crime
scene moments after murder occurred, fled the crime scene, and had motive was
sufficient under Jackson standard to
establish guilt beyond reasonable doubt). 
Having applied the Jackson
evidentiary-sufficiency standard of review to address appellant’s legal- and
factual-sufficiency challenges, we hold the evidence is sufficient to establish
murder.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Williams, 235 S.W.3d at 750.

Conclusion

 

          We
affirm the judgment.

 

                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Justices Jennings, Alcala, and
Higley.

 

Publish.  Tex.
R. App. P. 47.2(b).











[1]           Under the Clewis
standard of review, evidence was considered to be factually insufficient to
support a verdict if, considering all the record evidence in a neutral light,
(1) the evidence supporting the verdict is “too weak” to support the
factfinder’s verdict, or (2) considering conflicting evidence, the factfinder’s
verdict is against the great weight and preponderance of the evidence.  Laster
v. State, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009) (appellate court finds
evidence factually insufficient only when necessary to prevent manifest
injustice); see also Clewis
v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996), overruled by Brooks v. State, No. PD-0210-09,
2010 WL 3894613 (Tex. Crim. App. Oct. 6, 2010).  A determination of insufficiency
under the Clewis standard results in
a new trial but under the Jackson
standard results in an order of acquittal. 
Clewis, 922 S.W.2d at 133–34; see Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2218 (1982).

 





[2]           The Brooks concurrence noted that that the factual-sufficiency standard
announced in Meraz v. State, 785
S.W.2d 146, 154–55 (Tex. Crim. App. 1990), is nevertheless
appropriate for review of issues, such as affirmative defenses, on which the
defendant has burden of proof by preponderance of evidence.  See
Brooks, 2010 WL 3894613, at *21.

 





[3]           Although
it recognized that intermediate courts of appeal have conclusive fact
jurisdiction under the Texas Constitution, the plurality opinion in Brooks explained that the court of
criminal appeals has the exclusive authority to set the standard of review for
those factual determinations that are done by intermediate courts.  Brooks,
2010 WL 3894613, at *13; see Tex. Const. art. V, § 5(b).  The plurality opinion quotes the following
from the Clewis majority opinion:

  

Appellate
fact jurisdiction . . . should not be confused with the appellate
standard of review required to exercise that fact jurisdiction.  The state constitution, at most, says that an
intermediate appellate court has conclusive fact jurisdiction in both civil and
criminal cases.  It does not purport to
set out the standard of review required to exercise that fact jurisdiction.

 

            Brooks, 2010 WL 3894613, at *13 (quoting Clewis, 876 S.W.2d at 431). 
We express no opinion concerning the viability of a challenge on the
basis that the use of the Jackson
sufficiency standard to conduct a factual-sufficiency review violates the Texas
Constitution’s requirement that the decision by intermediate courts of appeal
“shall be conclusive on all questions of fact brought before them on appeal or error.”  See
Tex. Const. art. V, § 6(a). 

 





[4]           We do
not agree with recent intermediate courts of appeals decisions that suggest
that the review of factual-sufficiency challenges is abolished after Brooks. 
See e.g., Hammons v. State, No. 06-10-00026-CR, 2010 WL 4241577, at *1 n.2
(Tex. App.—Texarkana Oct. 22, 2010, no pet. h.) (“Since the Texas Court of
Criminal Appeals has abolished factual sufficiency review, we need not address
the defendant’s challenge(s) to the factual sufficiency of the evidence.”); Gainey v. State, No. 08-08-00239-CR,
2010 WL 4259366, at *2 (Tex. App.—El Paso Oct. 27, 2010, no pet. h.) (“A
factual sufficiency review is no longer appropriate            . . . .”); Castillo v. State, No. 08-08-00332-CR, 2010 WL 4117674, at *4 (Tex.
App.—El Paso Oct. 20, 2010, no pet. h.) (purporting to follow Brooks by not “addressing the merits of
[a]ppellant’s factual insufficiency argument”). 
We agree with the intermediate courts of appeals that have applied the Jackson standard of review to
sufficiency challenges styled as factual-sufficiency challenges.  See
e.g., Rosales v. State, No.
04-09-00498-CR, 2010 WL 4336171, at *2 (Tex. App.—San Antonio Nov. 3, 2010, no pet. h.) (“Based on Brooks, we will review the evidence in a light most favorable to
the verdict for Rosales’s [legal and factual] sufficiency claims.”); Joaquin v. State, No. 05-09-00730-CR,
2010 WL 4244823, at *3 (Tex. App.—Dallas Oct. 28, 2010, no pet. h.); Pomier v. State, No. 14-09-00247-CR,
2010 WL 4132209, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21, 2010, no pet.
h.); Winningham v. State, No.
02-07-00389-CR, 2010 4138564, at *18 (Tex. App.—Fort Worth Oct. 21, 2010, no
pet. h.); Walker v. State, No.
02-09-00209-CR, 2010 WL 4028439, at *1 (Tex. App.—Fort Worth Oct. 14, 2010, no
pet. h.).