ACCEPTED
01-15-00303-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/1/2015 11:45:58 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00303-CR

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/1/2015 11:45:58 AM

CHRISTOPHER A. PRINE
Clerk

CALVIN MCCOLLUM AKA GARY WYMORE,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee

ON APPEAL FROM CAUSE NO. 14-CR-1334
405th DISTRICT COURT, GALVESTON COUNTY, TEXAS
HONORABLE C.G. DIBRELL JUDGE PRESIDING

BRIEF FOR THE APPELLANT

Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432
118 West Sealy Street
Alvin, TX 77511
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

ATTORNEY FOR APPELLANT
DATE: September 2, 2015

No. 01-15-00303-CR

IN THE COURT OF APPEALS
FIRST DISTRICT
HOUSTON, TEXAS


CALVIN MCCOLLUM AKA GARY WYMORE,
Appellant

Vs.

THE STATE OF TEXAS,
Appellee


BRIEF FOR THE APPELLANT


TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

CALVIN MCCOLLUM AKA GARY WYMORE, the Defendant in Cause 14-CR-1334 in the DISTRICT COURT, Galveston County, Texas, respectfully submits this brief, and would respectfully show the Court the following:

# TABLE OF CONTENTS

Parties to the Case………………………………………………………………………..3

List of Authorities……………………………………………………………………..4

Statement of the Case…………………………………………………………………5

Statement Regarding Oral Argument………………………………………………5

Issues Presented…………………………………………………………………6

Summary of the Argument………………………………………………………..6

Appellant's First Point of Error…………………………………………………....13

*The evidence presented at trial was legally insufficient as to the element of intoxication. Viewing all of the evidence in a light most favorable to the verdict, the jury was not rationally justified in finding, beyond a reasonable doubt, that Appellant was intoxicated.*

Standard of Review and Applicable Law……………………………………..13

Analysis………………………………………………………………..…14

Conclusion and Prayer……………………………………………………....17

Certificate of Service…………………………………….............................17

Certificate of Word Count………………………...…………………….....18

## **PARTIES TO THE CASE**

APPELLANT:     CALVIN MCCOLLUM AKA GARY WYMORE

Attorney for Appellant at Trial:

     Name:     Calvin Parks
     SBN:     24027592
     Address:     11200 Broadway, Suite 2743, Pearland, Texas 77584
     Phone:     (979) 583-4015

Attorney for Appellant on Appeal:
     Name:     Joseph Kyle Verret
     SBN:     24042932
     Address:     The Law Office of Kyle Verret, PLLC
               118 West Sealy Street, Alvin, Texas 77511
     Phone:     (281) 764-7071
     Fax:     (281) 764-7071
     Email:     kyle@verretlaw.com

APPELLEE:     THE STATE OF TEXAS

Attorney's for the State at Trial:

     Name:     Christopher Henderson
     SBN:     24082108
     Address:     600 59th Street, Suite 1001, Galveston, Texas 77550
     Name:     Matthew M. Shawhan
     SBN:     24061342
     Address:     600 59th Street, Suite 1001
               Galveston, Texas 77551

Attorney for the State on Appeal:

     Name:     Virginia Rebecca Klaren
     SBN:     24046225
     Address:     Galveston County Criminal District Attorney's Office
               600 59th Street, Suite 1001, Galveston, Texas 77551
     Phone:     (409) 766-2355
     Fax:     (409) 766-2290

# LIST OF AUTHORITIES

**Statutes**

Tex. Penal Code §49.04(a) (LexisAdvance current through 2013 3d C.S)……..13

Tex. Penal Code 49.09(b)(2) (LexisAdvance current through 2013 3d C.S)……13

**Appellate Decisions**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)………………………...13

*Pomier v. State*, 326 S.W.3d 373, 378 (Tex. App. -- Houston [14th], 2010, no pet.)……………………………………………………………………….13, 15

## STATEMENT OF THE CASE

Appellant was indicted on April 29, 2014 for the offense of Driving While Intoxicated 3rd or More - Habitual. (C.R. at 6). A jury trial was held on the charges on February 25, 2015. (2 R.R.). Appellant entered a plea of "not guilty." (2 R.R. at 20, 129). The jury found Appellant guilty of the charged offense. (C.R. at 273). On February 26, 2015, the judge sentenced Appellant to thirty years in prison. (2 R.R. at 278). Notice of appeal was filed on February 27, 2015. (C.R. at 288).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## ISSUES PRESENTED

**Appellants First Point of Error:**

The evidence presented at trial was legally insufficient as to the element of intoxication. Viewing all of the evidence in a light most favorable to the verdict, the jury was not rationally justified in finding, beyond a reasonable doubt, that Appellant was intoxicated.

## SUMMARY OF THE ARGUMENT

The evidence presented at trial of the element of intoxication was legally insufficient. The State's evidence supporting the verdict of guilty, as to the element of intoxication, was limited to the testimony of two police officers with limited training in detecting intoxication and limited training the standardized field sobriety tests.

The jury was not rationally justified in returning a verdict of guilty in this cause, based on the legally insufficient evidence of intoxication presented at trial.

## STATEMENT OF FACTS

Testimony of Officer Christopher Santiago

The State called Officer Christopher Santiago (hereinafter, "Santiago"), a certified police officer with Hitchcock Police Department. (2 R.R. at 138). At the time of trial, he had been on patrol for a year. (2 R.R. at 138).

Santiago was working patrol on April 2, 2014. (2 R.R. at 139). He was in training and working with his sergeant, Office Tyler White (hereinafter, "White"). (2 R.R. at 140). At about 6:30 in the evening, he received a call from dispatch regarding a reckless driver. (2 R.R. at 141). The call described a gray van with a tire attached to the top with out-of-state license plates driving down FM 2004 towards Highway 6. (2 R.R. at 141).

Santiago located the vehicle at the intersection of Highway 6 and 2004. (2 R.R. at 141). Santiago's vehicle was traveling in the opposite direction of the van, so he turned his car around to follow the van. (2 R.R. at 141-142). Santiago testified that the van was not maintaining its lane and failed to signal a lane change. (2 R.R. at 142). Santiago turned on his emergency lights and pulled the van over. (2 R.R. at 143). Santiago testified that the highway where the traffic stopped occurred was a public place. (2 R.R. at 143). Upon being pulled over, Appellant stepped out of his vehicle without being instructed to do so. (2 R.R. at 144). Santiago testified that Appellant was almost in a lane of traffic. He was instructed to move to the rear of the vehicle. (2 R.R. at 145).

7

Santiago identified Appellant as the driver of the van. (2 R.R. at 144). Santiago testified that Appellant provided an expired Kentucky driver's license with the name Gary Wymore. Santiago looked up the Texas driver's license with the same name. (2 R.R. at 144). Santiago testified that he determined that the driver of the van also went by the name Calvin McCollum. (2 R.R. at 145).

The Appellant reached for his waistband and the officers instructed him to keep his hands where they could see them. (2 R.R. at 145). Santiago testified that he believed Appellant to be unsteady on his feet and appeared to be swaying from side to side. (2 R.R. at 146). Santiago testified that when he got close to Appellant that he could smell "a very strong odor of alcohol beverage admitting from his breath and person." (2 R.R. at 146). Santiago testified that Appellant's voice was slurred and his eyes were glassy and bloodshot. (2 R.R. at 146).

Santiago testified that he believed Appellant to be intoxicated. (2 R.R. at 147). White administered field sobriety tests to Appellant while Santiago observed. (2 R.R. at 147). The officers requested that Appellant provide a breath sample in the portable breath test machine and Appellant consented. (2 R.R. at 149). Santiago testified that though Appellant agreed to provide a sample, Appellant only acted like he was blowing into the machine. (2 R.R. at 149). Santiago testified that Appellant was only blowing "shallow breaths" and was not really blowing into the breath test machine. (2 R.R. at 149).

Appellant told the officers that his friend had just had a stroke and that he was

8

on his way there to make sure that she was alright. (2 R.R at 150).

Santiago testified that Appellant was read the DIC form and was given an opportunity to provide a blood or breath sample. (2 R.R. at 151). Santiago testified that Appellant refused to provide a sample. (2 R.R. at 151).

After Appellant was arrested, Santiago conducted an inventory of the vehicle. (2 R.R. at 152). He testified that he found an empty plastic cup that smelled like an alcoholic beverage. (2 R.R. at 152).

Appellant told the officers that his friend had just had a stroke and that he was on his way there to make sure that she was alright. (2 R.R at 150).

Santiago testified that Appellant was read the DIC form and was given an opportunity to provide a blood or breath sample. (2 R.R. at 151). Santiago testified that Appellant refused to provide a sample. (2 R.R. at 151).

After Appellant was arrested, Santiago conducted an inventory of the vehicle. (2 R.R. at 152). Santiago testified that the van was dirty with tools, trash, and food scattered throughout the van. (2 R.R. at 190). There was also a small dog in the front seat. (2 R.R. at 190). He testified that he found an empty plastic cup that smelled like an alcoholic beverage. (2 R.R. at 152).

Appellant's vehicle was towed and the dog was picked up by animal control. (2 R.R. at 191).

Santiago testified that approximately 30 minutes elapsed from the time of arrest until Appellant can be seen on the second video. (2 R.R. at 192).

9

<u>Testimony of Sergeant Tyler White</u>

The State called Sergeant Tyler White, a patrol officer with the City of Hitchcock.  (2 R.R. at 195).  White testified that he is a certified peace officer.  (2 R.R. at 197).  He testified that he graduated from the police academy at the College of the Mainland in 2010.  (2 R.R. at 196-197).   He testified that part of his training included training in the standardized field sobriety tests.  (2 R.R. at 197).

White testified he and Santiago were patrolling around FM 2004 and Highway 6 on April 2, 2014.  (2 R.R. at 197-198).  He testified that they received a call from dispatch regarding a reckless driver.  (2 R.R. at 199).  About three minutes after the call, they located the van.  (2 R.R. at 199-200).  They got behind the van and followed it.  (2 R.R. at 199-200).  White testified that he observed the vehicle make a lane change without signaling and veered into traffic from the turn lane.  (2 R.R. at 200).

White testified that they made contact with the driver of the vehicle.  (2 R.R. at 201).  When Appellant stopped, he exited his vehicle without being told to do so.  (2 R.R. at 201).  White testified that Appellant kept putting his hands in his pockets or behind his waistband.  (2 R.R. at 201).  White asked Appellant to step away from the lane of traffic and towards the back of the van.  White also told Appellant to keep his hands out of his pockets.  (2 R.R. at 202).

White testified that Appellant gave him a Kentucky driver's license with a name of Gary Wymore.  (2 R.R. at 202).  White identified Appellant as the driver of the van.  (2 R.R. at 203).

10

White testified that he smelled a strong odor of alcohol emitting from Appellant when he spoke. (2 R.R. at 203). He testified that Appellant took long strides as he walked and appeared unsteady on his feet. (2 R.R. at 203). Appellant told White that he was on his way to Freeport to check on the welfare of a friend who had just had a stroke. (2 R.R. at 203). White testified that Appellant was driving in the wrong direction to be headed towards Freeport. (2 R.R. at 203).

White testified that a person might have a motive to lie about their identity in a Driving While Intoxicated investigation on account of the law requiring a mandatory blood draw in DWI third or more cases. (2 R.R. at 206-207).

White testified that he asked Appellant about his medical issues to determine what field sobriety tests would be administered. (2 R.R. at 207). White testified that he did not perform that horizontal gaze nystagmus test on Appellant because he was concerned that the mild mist that was falling would produce a false reading. (2 R.R. at 208).

White testified that he explained the walk and turn test to Appellant. (2 R.R. at 211). White testified that Appellant said that he understood how to perform the test. (2 R.R. at 212). White testified that Appellant swayed side to side, did not walk heel to toe, used his arms to balance, and stepped off the imaginary line. (2 R.R. at 213). White testified that Appellant failed this test. (2 R.R. at 213).

White attempted to administer the one leg stand test to Appellant. (2 R.R. at 214). White testified that Appellant initially agreed perform the test, but then told

White that he had a bad back and could not complete the test. (2 R.R. at 214-215).

White administered the portable breath test to Appellant. (2 R.R. at 216-217). White testified that he was not getting accurate readings on the test on account of Appellant providing an insufficient breath sample. (2 R.R. at 217).

White testified that based on his observations of Appellant that he believed Appellant to be intoxicated and to have a blood alcohol concentration over the legal limit of 0.08. (2 R.R. at 215, 217). He based his opinion on the four clues he observed in the walk and turn test, Appellant's failure to complete the one leg stand, Appellant's gait, White's belief that Appellant's "story didn't add up to where he was going", and that Appellant kept repeating himself. Furthermore, White testified that he perceived Appellant to have slurred speech, a "thick tongue," and the odor of alcohol. (2 R.R. at 217-218).

Appellant was arrested and brought to the police station. (2 R.R. at 218). At the station, he was read Miranda warnings and a DIC 24 statutory warning form. (2 R.R. at 218). Santiago requested a specimen of Appellant's breath or blood; Appellant refused to provide a sample. (2 R.R. at 219).

A recording of the traffic stop and Appellant being read the DIC-24 breath test request form was admitted into evidence. (2 R.R. at 153, 184).

## APPELLANT'S FIRST POINT OF ERROR

**The evidence presented at trial was legally insufficient as to the element of intoxication. Viewing all of the evidence in a light most favorable to the verdict, the jury was not rationally justified in finding, beyond a reasonable doubt, that Appellant was intoxicated.**

Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, the reviewing court must view all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Pomier v. State*, 326 S.W.3d 373, 378 (Tex. App. -- Houston [14th], 2010 *citing Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. Id. The court must defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. Id. The reviewing court has a duty to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. Id.

The elements of Driving While Intoxicated 3rd or More are that the person is 1) intoxicated, 2) while operating a motor vehicle, 3) in a public place, and 4) has previously been convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated, operating an aircraft while intoxicated, operating a watercraft while intoxicated, or operating or assembling an amusement ride while intoxicated." TEX. PENAL CODE §49.04(a); TEX. PENAL CODE 49.09(b)(2) (LexisAdvance current through 2013 3d C.S).

<u>Analysis</u>

Viewed in a light most favorable to the verdict, the jury was not rationally justified in finding beyond a reasonable doubt that Appellant was intoxicated. See *Pomier*, 326 S.W.3d at 378.

Officer Santiago and White responded to a call of a reckless driver matching a description of Appellant's van. (2 R.R. at 141-142). Appellant was stopped for not maintaining its lane and failed to signal a lane change. (2 R.R. at 142).

The officers testified that they detected an odor of an alcoholic beverage on Appellant. (2 R.R. at 146). They testified that his speech was slurred and that he could not keep his story straight. (2 R.R. at 146, 217-218).

Officer Santiago was in training at the time of the stop. (2 R.R. at 140). Officer White testified that, though he had received training in the field sobriety tests at the police academy, he received no additional certification in administering the field sobriety tests. (2 R.R. at 223).

Santiago testified that the front of Appellant's pants were wet, but did not establish why they were wet. (2 R.R. at 195). There was a dog in the car. (2 R.R. at 195). Santiago was unable to discern if the wetness was human urine, dog urine, or some other liquid. (2 R.R. at 194).

Of the three field sobriety tests available to the officers, Appellant only performed one: the walk and turn test. White decided not to administer the horizontal gaze nystagmus test. (2 R.R. at 208). Appellant attempted to perform the one leg

14

stand test, but advised the officers that he had a bad back and could not complete the test. (2 R.R. at 214).

Appellant performed the walk and turn test. (2 R.R. at 213). White testified that he observed Appellant use his arms for balance, fail to walk heel to toe, and step off an imaginary line. (2 R.R. at 213). White testified that this totaled four clues. (2 R.R. at 213). White testified that two or more clues was indicative of intoxication. (2 R.R. at 213). Based on Appellant's performance on this test, White testified that he believed Appellant to be intoxicated. (2 R.R. at 213).

White testified that he formed an opinion that Appellant had a blood alcohol concentration in excess of 0.08. (2 R.R. at 215). White did not specifically establish how he came to this conclusion. He did not establish what training or experience he had that gave him the authority to draw this conclusion. He did not cite any source to support his contention that Appellant's blood alcohol concentration was in excess of 0.08, above the legal limit. (2 R.R. at 215).

White testified that he believed Appellant to be intoxicated based on his score of four clues he in the walk and turn test, Appellant's failure to complete the one leg stand, Appellant's gait, White's belief that Appellant's "story didn't add up to where he was going", and that Appellant kept repeating himself. Furthermore, White testified that he perceived Appellant to have slurred speech, a "thick tongue," and the odor of alcohol. (2 R.R. at 217-218).

Neither of the State's witnesses was experienced in driving while intoxicated

15

investigations. White was not certified, beyond the training he received at the police academy, to administer and interpret the field sobriety tests. (2 R.R. at 159). He had done no more than eight driving while intoxicated investigations in the past. (2 R.R. at 140, 225). Additionally, only one of those tests was completed by Appellant. (2 R.R. at 213-214). Santiago was in training. (2 R.R. at 208).

If the officers, or the jury observing the video of the stop, observed swaying or an uneven gait, these observations are consistent with Appellant's statement that he had a bad back. (2 R.R. at 214). Santiago testified that the mere presence of an odor of alcohol is not necessarily evidence of intoxication. (2 R.R. at 177). Neither officer established that they knew how Appellant spoke normally, thus they are incapable of saying that he his speech was any different than it is normally.

The evidence of intoxication admitted at trial does not support the jury's verdict of guilty. The jury was not rationally justified in returning a guilty verdict based on the evidence presented at trial.

Appellant prays that this Court find that the evidence of intoxication admitted into evidence at trial was legally insufficient to support a verdict of guilty. Appellant prays that this Court reverse the judgment of the trial court and render a verdict of not guilty.

## CONCLUSION AND PRAYER

Wherefore, Appellant prays that this Court find that the evidence of intoxication admitted into evidence at trial was legally insufficient to support a verdict of guilty. Appellant prays that this Court reverse the judgment of the trial court and render a verdict of not guilty.

Respectfully submitted,

/s/ Joseph Kyle Verret
Joseph Kyle Verret
THE LAW OFFICE OF KYLE VERRET, PLLC
Counsel for Appellant
TBN: 240429432 47
118 West Sealy Street
Alvin, Texas 77511
Phone: 281-764-7071
Fax: 281-764-7071
Email: kyle@verretlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Appellant's Brief has been served on counsel for the Appellee, Rebecca Klaren, Assistant Criminal District Attorney of Galveston County, Texas by service through electronic filing on this 1st day of September, 2015.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932

## CERTIFICATE OF WORD COUNT

I do hereby certify that the total word count for this document is 3,477 excluding those parts specifically excluded in Texas Rule of Appellate Procedure 9.4(i)(1) which is less than 15,000 words allowed per Texas Rule of Appellate Procedure 9.4.

/s/Joseph Kyle Verret
Joseph Kyle Verret
TBN: 2402932