PD-1134-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/14/2015 7:40:41 PM
Accepted 9/16/2015 12:25:14 PM
ABEL ACOSTA
CLERK

**NO. PD-1134-15**

PETITION FOR WRIT OF DISCRETIONARY REVIEW

IN THE COURT OF CRIMINAL APPEALS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PAUL AGUILAR, Petitioner

v.

THE STATE OF TEXAS, Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON PETITION FROM THE

HONORABLE FOURTH COURT OF APPEALS

OF BEXAR COUNTY, TEXAS

NO. 04-14-00532-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRIAL COURT CAUSE NO. 2013 CR 5627

290th JUDICIAL DISTRICT COURT , BEXAR COUNTY, TEXAS

***REASON FOR REVIEW:***

*The Justices of the Court of Appeals have court of appeals have decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of theUnited States; [T.R.A.P. 66.3 (c)]*

FILED IN
COURT OF CRIMINAL APPEALS

September 16, 2015

ABEL ACOSTA, CLERK

PATRICK B. MONTGOMERY
Petitioner's Attorney
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
Office: (210) 225-8940   Fax (978)285-4664
**PatMontgomery@GMail.com**
STATE BAR NO. 14295350

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................i

LIST OF PARTIES..............................................................................................ii

TABLE OF AUTHORITIES...................................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT......................................................1

STATEMENT OF APPELLATE PROCEDURAL HISTORY..........................................1

STATEMENT OF THE CASE................................................................................1

FACTUAL HISTORY............................................................................................1

## GROUND FOR REVIEW:

**The Court of Appeals' panel opinion incorrectly decided that the evidence was sufficient to sustain the conviction, where the only evidence presented regarding the element of timing of the alleged offense was the Complainant's answers to vague multifarious questions.**

…...................................................................................................................3

SUMMARY.....................................................................................................5

PRAYER.........................................................................................................5

CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE...........................6

APPENDIX...........................................................................................appendix

**-i-**

# LIST OF PARTIES

PAUL AGUILAR was the trial Defendant below.

Mr. AGUILAR is now the Appellant in the instant appeal. PAT MONTGOMERY represents Petitioner in the instant Petition. ALAN FUTRELL represented the Appellant at trial.

The State of Texas is the Appellee. Bexar County District Attorney SUSAN D. REED represented the State of Texas at the trial court. She appeared by and through her Assistant District Attorneys DEMARTINO and SARA ELLISON.

The Complainant in this case is X. G.

District Attorney Nico LaHood now represents the Appellee State of Texas in the instant appeal, by and through his Assistant District Attorneys designated to handle the case.

Honorable Judge MELISA SKINNER presided over the trial court proceedings.

PATRICK B. MONTGOMERY
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940   Fax (978)285-4664
STATE BAR NO. 14295350
PatMontgomery@Gmail.com

**-ii-**

# TABLE OF AUTHORITIES

**STATUTES**

Tex.Code Crim. Proc. Ann. Art. 44.25................................................................4

Texas Penal Code, § 21.02.....................................................................1, 3

**CASES**

Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010)................................................4

Hooper v. State, 214 S.W. 3d 9, (Texas Crim. App. 2007).................................................5

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)....................................4

Pomier v. State,  326 S.W.3d 373, (Tex.App.-Houston [14th Dist.] 2010......................................4

## STATEMENT REGARDING ORAL ARGUMENT.

Petitioner asserts that if discretionary review is granted, then this Honorable Court of Criminal Appeals should grant oral argument in the instant case, because argument will be useful to the Court's further developing a guiding precedent regarding sufficiency of the evidence in cases where evidence is presented in response to multifarious questions.

## STATEMENT OF APPELLATE PROCEDURAL HISTORY.

The Opinion of the Court of Appeals was handed down July 15, 2015. No motion for rehearing was filed. One extension of time were requested and granted for the Petitioner to to file this Petition.

## STATEMENT OF THE CASE

This Petition follows an appeal from a criminal case that was tried to a jury. The Petitioner was convicted of Aggravated Kidnapping and Sexual Assault of a Child. Punishment was assessed by the trial court at sixty years confinement for the Aggravated Kidnapping, and twenty years confinement for the Sexual Assault of a Child, to be concurrently served.

## FACTUAL AND PROCEDURAL HISTORY

Appellant PAUL AGUILAR was indicted by a Bexar County grand jury on June 24, 2013. The indictment was presented in three counts, each alleging sexual offenses against the same Complainant, Xavier Gonzalez.

The first count was the count tried to the jury. That count alleged Continuous Sexual Abuse of a Young Child, in violation of Texas Penal Code, §21.02. That first count was originally presented as seven (7) sexual acts, alleged to have occurred over a span of more than thirty days between December 1, 2007, and December 1, 2010. [cr5]

**-1-**

The seven different acts alleged in the first count of the indictment were reduced to five different acts prior to jury selection, and further reduced to four different acts upon the trial court's charge to the jury. Other counts of the indictment were ultimately abandoned by the State, and the case proceeded to jury deliberations upon four acts alleged in the first count.

The jury found the Appellant guilty. [cr41] The trial court ordered a presentence investigation report, and the case was rescheduled for sentencing. The Appellant was sentenced to fifty (50) years incarceration. The Appellant brought timely notice of appeal [cr53].

The factual history of the case was presented to the jury through the testimony of six (6) witnesses, each called by the state. The Appellant did not testify at trial on the merits, nor did he testify on punishment. The Appellant presented no case at trial.

The state's first witness was the Complainant, Xavier Gonzalez. The Complainant was fifteen years of age at the time he testified [rr3 17/13]. His date of birth was October 27, 1998.

The complainant testified that the Appellant was his stepfather, and that he used to call him "dad." [rr3 28/5] He stated that he lived at a home on McKay street, in San Antonio, Bexar County, Texas, with his mother, his two half-siblings, and the Appellant.

The Complainant testified about instances of sexual abuse involving the Appellant, which he alleged took place in three rooms of his home. He described instances in the Appellant's bedroom, on the living room couch, and in the laundry room.

He described the incident in the laundry room as occurring the "next day" after the incident on the living room couch. [rrv3 50/25] The Complainant stated that he was "sure" that there were just four instances. [rrv3 36/12].

The Complainant did say that the four instances were on different days [rrv3 54/16]. He was never asked, nor did he testify that, the four incidents spanned a period of time of thirty days or more. The Complainant's only reference to time periods involved how long he lived at the home on McKay street, [rrv3 54/24] and involved watching pornography, but not necessarily sexual abuse.

## GROUND FOR REVIEW:

**The Court of Appeals' panel opinion incorrectly decided that the evidence was sufficient to sustain the conviction, where the only evidence presented regarding the element of timing of the alleged offense was the Complainant's answers to vague multifarious questions.**

Appellant was convicted of Continuous Sexual Abuse of a Young Child, in violation of Texas Penal Code, §21.02. That Penal Code section provides that: "(b) A person commits an offense if: (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse."

There was insufficient evidence presented at trial regarding the statutory offense element that the conduct occur during a period that was 30 or more days in duration. Tex.Code Crim. Proc. Ann. art. 44.25 reads in part that "The courts of appeals or the Court of Criminal Appeals may reverse the judgment in a criminal action, as well upon the law as upon the facts."

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the seminal case for jurisprudence regarding sufficiency of the evidence. Under Jackson, all the evidence is viewed "in the light most favorable to the prosecution," and a reviewing court is required to defer to a jury's determination of credibility and weight. 443 U.S. at 319. The *Jackson* standard has been adopted in Texas jurisprudence in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim.

**-3-**

App., 2010) (plurality op.). See also *Pomier v. State*, 326 S.W.3d 373, (Tex.App.-Houston [14th Dist.] 2010.

In the instant case, the Appellant ultimately was not charged with any individual singular act of sexual abuse against the child Complainant, but rather with a continuing abuse. The jury was faced with the choice of two evils: either acquitting the defendant who they may have believed guilty of committing sexual acts against a child, or convicting him despite the dearth of evidence regarding the requisite element time period.

The evidence presented may well have been legally sufficient under Jackson to convict him for the laundry room event, the couch event, or the event in the bedroom, but those weren't charged. He was instead convicted of committing any two or more of those incidents over a period of thirty days or more, an offense for which there was insufficient evidence. By his own statement, one incident was the next day after the previous incident.

The only evidence creating any time line recording a period of more thaan thirty days was when counsel for the State asked the Complainant the following two questions:

"[...]at some point I think you indicated you lived there for about two years at that house; is that right?" ... ... "[a]nd so when these things were going on, did they happen when you were living there like at the beginning and when you were living there in the middle and towards the end of your stay at that house?"

The Complainant responded "yes" to the questions, but even in the presented context it was impossible to tell the meaning of the answer to the question. What the question "when these things were going on" meant to the Complainant required the jury, and the Honorable Court of Appeals, to resort to speculation and unsubstantiated inference about what "these things" referred to.

**-4-**

Whether "these things" referred to watching pornography, or to engaging in sexual acts. The testimony and discussion had been every bit as much about viewing pornography as it had been about sexual abuse. Only speculation on the part of the jury could lead them to believe that the question and its answer demonstrated that two or more instances of sexual abuse conduct had occurred during a period of time period thirty days or longer within that two year period.

"Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions." *Hooper v. State*, 214 S.W. 3d 9, (Texas Crim. App.2007). Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt.

## PRAYER

The Petitioner was not charged with any individual singular act of sexual misconduct or abuse against the child Complainant. Had he been, then the evidence would have been legally sufficient under *Jackson* to convict him for any of the four instances of sexual conduct alleged. He was instead charged with committing any two of those incidents over a period of time of exceeding thirty days, an offense for which insufficient evidence was produced.

Wherefore, premesis considered, your Petitioner prays that this Honorable Court of Criminal Appeals grant the Petitioner's Petition for Writ of Discretionary Review, and that upon full briefing and argument of the case that this Honorable Court reverse the trial court below and remand the case for a new trial.

Respectfully submitted,

/s/Pat Montgomery
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
Phone (210) 225-8940,  Fax(978) 285-4664
PatMontgomery@Gmail.com
Petitioner's Attorney  TBN 1429535


## CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE

Counsel certifies by his signature below that the word count is 1966, and that contemporaneously with the filing of this Petition, he has provided a copy of this Petition to:

1. The Bexar County District Attorney's Office through the e-filing system
2. The Office of the State Prosecuting Attorney through the e-filing system
3.  The Petitioner PAUL AGUILAR, through U.S. Mail

Respectfully submitted,


Pat Montgomery
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
Phone (210) 225-8940,  Fax(978) 285-4664
PatMontgomery@Gmail.com
STATE BAR NO. 14295350
Petitioner's Attorney



## Fourth Court of Appeals

### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00532-CR

Paul **AGUILAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5627
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
    Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice

Delivered and Filed:  July 15, 2015

AFFIRMED

A jury convicted appellant Paul Aguilar of continuous sexual abuse of a child, and the trial

court assessed punishment at fifty years' confinement.  Aguilar raises a single issue on appeal,

arguing the evidence is insufficient to support his conviction.  We affirm the trial court's judgment.

### BACKGROUND

X.G., who was fifteen-years-old at the time of trial, testified Aguilar, who was his mother's

live-in boyfriend, began sexually abusing him when he was ten-years-old.  X.G. stated the abuse

occurred while he was living with his family in a house on McKay Street.  X.G. testified Aguilar

masturbated in front of him while they watched pornography provided by Aguilar. X.G. remembered Aguilar would sometimes "put his head on my penis" when they watched pornography and "stuff would come out." X.G. estimated Aguilar "put his head on my penis" approximately four times. X.G. also described the progression of the sexual abuse. According to X.G., Aguilar placed "an arrow type of thing" in his anus more than once. X.G. explained that on two different occasions, Aguilar made him undress and lie down and then placed an "arrow type of thing" in his anus. Each time it hurt. X.G. testified both instances occurred when he was alone with Aguilar at his family's house on McKay Street: the first time was on the couch in the living room; the second time was on the bed in the bedroom. X.G. further stated they performed oral sex on each other in the laundry room. X.G. testified Aguilar instructed him never to tell anyone about the sexual abuse.

According to X.G., Aguilar stopped "doing things" when the family moved from McKay Street to his grandmother's house on Kendalia Street. X.G. testified he was "like 12 or 13 years old" when his family moved to his grandmother's house. According to X.G., Aguilar sometimes watched pornography with him at the grandmother's house, but Aguilar did not touch him. X.G. was eventually sent to live with his aunt and uncle. While living with his aunt and uncle, X.G. told his uncle about the abuse that occurred when he was living with Aguilar at the McKay Street house. X.G. indicated it took him a long time to tell someone because Aguilar had told him not to tell anybody.

At trial, X.G.'s uncle, Angel G. Pastrano, also testified. Mr. Pastrano testified X.G. was living with his mother and Aguilar between late 2007 to early 2010 in a house on McKay Street. According to Mr. Pastrano, X.G. moved into his house around December 2011, and while X.G. was living with him, his wife discovered X.G. accessing pornography websites on a cell phone. Mr. Pastrano testified that when he confronted X.G. about the pornography, he learned Aguilar

had shown X.G. "some hard core stuff." Mr. Pastrano stated X.G. told him Aguilar forced him to do things and touched him in places he did not want to be touched. Mr. Pastrano testified he asked X.G. to describe exactly what Aguilar did, and X.G. pointed to his mouth and then to his penis and backside. That evening, Mr. Pastrano contacted a friend, who was a member of an organization that worked with abused children, to determine what he should do. The next day, Mr. Pastrano took X.G. to the police station to report the incidents.

### ANALYSIS

Aguilar contends the evidence is insufficient to support his conviction for continuous sexual abuse of a child. According to Aguilar, the State did not prove he committed two or more instances of sexual abuse during a period that was thirty days or more in duration.

### *Standard of Review*

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational jury would have found the defendant guilty beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Smith v. State*, 397 S.W.3d 765, 767 (Tex. App.—San Antonio 2013, no pet.). In making that determination, we must determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 899; *Smith*, 397 S.W.3d at 767.

In conducting our review, we must keep in mind that "[t]he jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Accordingly, we defer to the jury's credibility and weight determinations in addition to the jury's duty to resolve conflicts in the witnesses' testimony. *Smith*, 397 S.W.3d at 767 (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). However, a jury is not permitted to draw conclusions based on speculation; a jury may draw several

reasonable inferences from the facts so long as those inferences are supported by the evidence presented at trial. *Merritt*, 368 S.W.3d at 525 (citing *Hooper*, 214 S.W.3d at 13). Nevertheless, when the evidence presented at trial supports conflicting inferences, we will presume the jury resolved such conflicts in favor of the verdict and again, defer to the jury's determination. *Id*. at 525–26.

### *Applicable Law*

To establish continuous sexual abuse of a child, the State must prove that, during a period of thirty or more days in duration, the defendant committed two or more acts of sexual abuse, and at the time of the commission of each of these acts of sexual abuse, the defendant was seventeen years of age or older and the victim was a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2015); *Smith*, 397 S.W.3d at 767. An "act of sexual abuse" includes, as is relevant here, aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.02. A person commits aggravated sexual assault of a child if he knowingly or intentionally causes the penetration of a child's anus or sexual organ by any means, causes his sexual organ to contact or penetrate the mouth of a child younger than fourteen years of age, or causes his mouth to contact the sexual organ of a child younger than fourteen years of age. *Id*. §§ 22.021(a)(1)(B)(i)-(iii), (v), 22.021(a)(2)(B); *Smith v. State*, 340 S.W.3d 41, 48 (Tex. App.— Houston [1st Dist.] 2011, no pet.).

To prove the offense of continuous sexual abuse of a child, the State need not prove the exact dates of abuse; however, the State must prove that two or more acts of sexual abuse occurred during a thirty day or more time span. TEX. PENAL CODE ANN. § 21.02(d) ("The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."); *Michell v. State*, 381 S.W.3d 554, 561 (Tex. App.—Eastland 2012, no pet.); *Smith*, 340 S.W.3d at 48; *see also Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim.

App. 2006) (cautioning courts not to impose unrealistic expectations regarding proof of when offense occurred as child victims often do not know exact dates of sexual assault); *Williams v. State*, 305 S.W.3d 886, 890 n. 7 (Tex. App.—Texarkana 2010, no pet.) (noting that child victim's inability to provide exact dates of abuse is situation Legislature considered when enacting section 21.02 Texas Penal Code). The jury is not required to agree unanimously on which specific acts of sexual abuse a person committed or the exact date when those acts were committed. TEX. PENAL CODE ANN. § 21.02(d). *Smith*, 397 S.W.3d at 773.

### *Application*

Although X.G. did not provide specific dates as to when the numerous instances of sexual abuse occurred, the jury could have reasonably inferred from the facts presented that the multiple acts of sexual abuse began sometime in 2008 and continued until early 2010, a period of time in excess of thirty days in duration. *See Merritt*, 368 S.W.3d at 525; *Kuhn v. State*, 393 S.W.3d 519, 527 (Tex. App.—Austin 2013, pet ref'd.) (stating jury could reasonably infer when incidents occurred based on complainant's testimony regarding her age at trial and age she was sexually abused); *Michell*, 381 S.W.3d at 561 (highlighting evidence was sufficient to establish conviction for continuous sexual abuse through victim's testimony of where abuse occurred, grade she was in at time of abuse, and what season abuse occurred). Here, the evidence shows X.G. and his family lived on McKay Street from approximately late 2007 to early 2010. During the trial, which occurred in May 2014, X.G. testified he was fifteen-years-old, born on October 27, 1998. Based on X.G.'s age during the trial and his birthdate, the jury could have reasonably inferred X.G. was between the ages of nine and twelve-years-old when he lived on McKay Street. According to X.G.'s testimony, Aguilar began sexually abusing him when he was ten-years-old and Aguilar did not stop abusing him until the family moved to Kendalia Street when he was around twelve or thirteen-years-old, indicating the sexual abuse started sometime in 2008 and stopped sometime in

early 2010. X.G. testified that more than two acts of sexual abuse occurred during that time period at the McKay house.

Aguilar argues the duration of abuse is speculative because X.G. only indicated the abuse occurred "while he was living there [at the McKay house] for about two years at that house." We disagree. Precise dates of events are not required to establish a conviction for continuous sexual abuse, and X.G.'s description of the ongoing sexual assaults is exactly what the Legislature intended when enacting the statute governing the offense of continuous sexual abuse. *See Williams*, 305 S.W.3d at 890 n. 7; *see also Smith*, 340 S.W.3d at 49 (pointing out complainant did not know dates of sexual abuse but testified it occurred during summer of 2007 until December 2007 when her twin siblings were two-weeks-old). Viewing the evidence in a light most favorable to the jury's verdict, we conclude a rational jury could have reasonably inferred the existence of continuous abuse rather than merely speculating about it. *See Merritt*, 368 S.W.3d at 525. Specifically, the jury could have found based on reasonable inferences that two or more acts of sexual abuse occurred during a thirty or more day time span. *See* TEX. PENAL CODE ANN. § 21.02(d); *Brooks*, 323 S.W.3d at 899; *Smith*, 397 S.W.3d at 767; *Michell*, 381 S.W.3d at 561; *Smith*, 340 S.W.3d at 48. Accordingly, we hold the evidence is sufficient to establish the offense of continuing sexual abuse of a child, and we overrule Aguilar's sole appellate issue.

### CONCLUSION

After reviewing the evidence in the light most favorable to the verdict and deferring to the jury as we must, we hold the evidence is sufficient to support Aguilar's conviction. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish